790

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES COURTNEY, Appellant.— Judgment unanimously reversed on the law to the extent of vacating the sentence and case remitted to Monroe County Court for further proceedings in accordance with the following memorandum: In response to the question of whether he had legal cause to show why judgment should not be pronounced, prior to being resentenced in 1970 as a multiple felony offender, appellant referred to a prior conviction in 1947 and stated to the court "Your honor, I would like to challenge that prior conviction". The court denied his request and stated that this might be done by appeal. In our opinion, the procedure followed by the sentencing court violated section 1943 of the former Penal Law, which was the controlling statute when the crime was committed. The court should have held a hearing to determine the issue raised by appellant before sentencing him as a second offender (*People* v. *Wilkins*, 28 N Y 2d 213; *People* v. *Di Giangiemo*, 34 A D 2d 960; *People* v. *Webster*, 32 A D 2d 557). The District Attorney, with commendable candor concedes that the case must be remitted for resentencing in the manner herein indicated. (Appeal from judgment of Monroe County Court resentencing defendant on conviction for burglary, third degree.) Present — Del Vecchio, J. P., Witmer, Gabrielli, Cardamone and Henry, JJ.

■ In the Matter of RICHARD CONROY, Appellant, v. VINCENT R. MANCUSI, as Warden of Attica Correctional Facility, Respondent.— Appeal unanimously dismissed as moot. It appears that petitioner is no longer in the custody of the Warden of Attica State Correctional Facility. (*People ex rel Lombardi* v. *McMann*, 28 A D 2d 961.) (Appeal from judgment of Erie Special Term denying order directing medical services.) Present — Marsh, J. P., Gabrielli, Moule, Cardamone and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GUY ZALIKOW-SKI, Appellant.— Motion for reversal of the judgment of conviction and for a new trial granted, judgment of conviction for the crimes of burglary in the third degree and petit larceny unanimously reversed on the law and facts and in the interest of justice, and new trial granted. Memorandum: Appellant and two codefendants were convicted following a joint trial of the crimes of burglary in the third degree and petit larceny. Thereafter, orders of this court affirming the judgments of conviction of the two codefendants were reversed by the Court of Appeals and a new trial ordered (*People* v. *Kopec*, 29 N Y 2d 798). In her affidavit submitted on this motion the Assistant District Attorney in charge of the appeal asserts that the orders of the Court of Appeals on the appeals of the codefendants are authority for this court to reverse the judgment of conviction entered against the appellant and to grant a new trial. The allegations of appellant that his appeal presents identical questions of law and fact with those determined on his codefendants' appeals, supported by the affidavit of the District Attorney's representative, entitle him to a new trial. Concur — Del Vecchio, J. P., Marsh, Gabrielli, Cardamone and Henry, JJ.